NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2293
_____

UNITED STATES OF AMERICA

v.

FIRAS AL-SALIBI, a/k/a Joseito Montalvo,
a/k/a Azra Eliaho

Firas Al-Salibi, Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 2-07-cr-00687-001)
District Judge:  Honorable Joseph A. Greenaway, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2010
Before:   BARRY, WEIS and ROTH, Circuit Judges.
Filed: June 29, 2010

_____

OPINION

_____

WEIS, Circuit Judge.

Firas Al-Salibi was charged by a superceding indictment with one count of

making a false statement in a passport application in violation of 18 U.S.C. § 1542, three

counts of unlawfully using another's means of identification in contravention of 18

U.S.C. § 1028A(a)(1), and two counts of using a fraudulently procured passport in breach of 18 U.S.C. § 1542. The District Court denied Al-Salibi's motion to suppress, and a jury subsequently convicted him of all charges. The District Court imposed, *inter alia*, a 54 month term of imprisonment. We will affirm.

Al-Salibi contends that the District Court erred in denying his motion to suppress by improperly applying the doctrines of actual authority, apparent authority, and consent to the facts of his case.

Al-Salibi was arrested pursuant to an immigration warrant and incarcerated. While inside a detention facility, Al-Salibi asked his brother to retrieve from Al-Salibi's apartment a suitcase containing his fraudulent identification documents. The brother complied with the request, returned to his own residence, and opened the suitcase wherein he found an unlocked toiletry bag. Inside the bag were multiple items, including an automobile title and identification documents all in strangers' names.

The FBI went to the brother's home. He invited the agents inside and permitted them to view and obtain the nocent contents of the suitcase and toiletry bag. The agents also recovered one of Al-Salibi's fraudulent documents from the brother's wallet and a letter.

The District Court concluded that Al-Salibi had a reasonable expectation of privacy in his suitcase and toiletry bag even though they were in the custody of his brother and, thus, he had standing to seek suppression. In addition, the Court determined,

2

for a variety of reasons, that Al-Salibi's brother had both the actual authority, see United States v. Matlock, 415 U.S. 164, 171 (1974) (a valid "permission to search [can be] obtained from a third party who possesse[s] common authority over . . . the . . . effects sought to be inspected"), and apparent authority to consent to a search of Al-Salibi's suitcase and toiletry bag. See Georgia v. Randolph, 547 U.S. 103, 106 (2006) ("[t]he Fourth Amendment recognizes a valid warrantless . . . search . . . when police obtain the voluntary consent of [one] who shares, or is reasonably believed to share, authority over the area in common with [another] who later objects to the use of evidence so obtained"). Because the District Court found that Al-Salibi's consent was voluntarily given, the motion to suppress was denied.

Our review reveals no error in the result reached by the District Court. The "underlying facts" were not erroneously found. See United States v. Brown, 595 F.3d 498, 514 (3d Cir. 2010) ("[w]e review a district court's denial of a suppression motion for clear error as to the underlying facts"). Nor were the legal conclusions "made in light" of those facts reversibly incorrect. See id.

Accordingly, the Judgment of the District Court will be affirmed.